UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MERIDIAN ENTERPRISES CORPORATION,  )
                                   )
                    Plaintiff,     )
                                   )
          vs.                      )    No. 4:04CV1522-DJS
                                   )
C/BASE INC.,                       )
CARD EXPRESS INC.,                 )
ITA GROUP, INC.,                   )
TSYS PREPAID, INC.,                )
WILDCARD SYSTEMS, INC.,            )
INCENTIVE SOLUTIONS, INC., and     )
PERFORMANCE SYSTEMS GROUP, INC.,   )
                                   )
                    Defendants.    )

## ORDER

Plaintiff Meridian Enterprises Corporation is the owner of U.S. Patent No. 5,025,372 (the "'372 Patent"). The '372 Patent covers a computer programming and data processing system for a credit card incentive awards program in which participants can earn monetary amounts by making purchases with their credit cards. Plaintiffs brought this action alleging that defendants have willfully infringed upon the '372 Patent, by making, using, offering for sale, selling, distributing or servicing computerized incentive award programs. Now before the Court is the motion to dismiss brought by TSYS Prepaid, Inc. ("TSYS") and the combined motion to dismiss filed by Incentive Solutions, Inc. ("ISI") and Performance Systems Group, Inc. ("PSG"). Both motions to dismiss assert a lack of personal jurisdiction.

## TSYS's Motion to Dismiss

In response to TSYS's motion to dismiss, plaintiff states that the motion to dismiss is moot as TSYS and plaintiff has agreed to a settlement and that the parties will be filing a consent judgment. TSYS has not filed a reply in opposition to plaintiff's response. The Court will therefore deny TSYS's motion without prejudice. Further, counsel will be ordered to file a stipulation for dismissal, a motion for leave to voluntarily dismiss, or a proposed consent judgment within thirty (30) days of the date of this order.

## ISI and PSG's Motion to Dismiss

As stated above, ISI and PSG have also moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), asserting that this Court cannot exercise personal jurisdiction over them. The party seeking to invoke federal jurisdiction has the burden of establishing that jurisdiction exists. <u>Mountaire Feeds, Inc. v. Agro Impex, S.A.</u>, 677 F.2d 651, 653 (8th Cir. 1982). However, "[t]o defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction." <u>Dakota Indus., Inc. v. Dakota Sportswear, Inc.</u>, 946 F.2d 1384, 1387 (8th Cir. 1991) (citing <u>Watlow Elec. Mfg. v. Patch Rubber Co.</u>, 838 F.2d 999, 1000 (8th Cir. 1988)). When, as in this case, the Court does not hold a hearing but instead relies on pleadings and affidavits, the Court must look at the facts in the light most favorable to the nonmoving party, resolving all factual

conflicts in favor of that party.  Id. (citing Nieman v. Rudolf Wolff & Co., Ltd., 619 F.2d 1189, 1190 (7th Cir.), cert. denied, 449 U.S. 920 (1980)); accord Aaron Ferer & Sons Co. v. Diversified Metals Corp., 564 F.2d 1211, 1215 (8th Cir. 1977).

In analyzing a motion to dismiss for lack of personal jurisdiction, the Court must engage in a two-pronged analysis as to whether there is personal jurisdiction over the non-resident defendant under the state long-arm statute and whether the exercise of personal jurisdiction over the defendant would violate the due process clause of the Fourteenth Amendment.  Precision Construction Co. v. J.A. Slattery Co., 756 F.2d 114, 115 (8th Cir. 1985). However, "Missouri caselaw is clear that the purpose of the long-arm statute is 'to extend the jurisdiction of the courts . . . to that extent permissible under the Due Process Clause of the Fourteenth Amendment.'"  In re Texas Prisoner Litigation, 41 F. Supp. 2d 960, 962 (W.D.Mo. 1999) (citing State ex rel. Deere & Company v. Pinnell, 454 S.W.2d 889, 892 (Mo. banc 1970)).  As such, "the examination of whether Missouri's long-arm statute has been satisfied is coextensive with whether the assertion of personal jurisdiction over the defendant meets the requirements of due process, and the analysis is collapsed into the single question of whether asserting jurisdiction violates the Due Process Clause."  Bell v. Imperial Palace Hotel/Casino, Inc., 200 F.Supp.2d 1082, 1085 (W.D.Mo. 2001).

The Due Process Clause of the Fourteenth Amendment requires that a non-resident defendant have certain minimum contacts with the

forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); accord World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). "In judging minimum contacts, a court properly focuses on 'the relationship among the defendant, the forum and the litigation'." Calder v. Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414 (1984). The defendant's contacts with the forum state must be purposeful and such that defendant "should reasonably anticipate being haled into court there." World Wide Volkswagen, 444 U.S. at 297.

The Federal Circuit has "adopted a three-factor test embodying the Supreme Court's jurisprudence on specific personal jurisdiction." Electronics for Imaging, Inc. v. Coyle, 340 F.3d 1344, 1350 (8th Cir. 2003). This Court applies Federal Circuit caselaw when analyzing personal jurisdiction for purposes of compliance with federal due process in a patent law case, because the Federal Circuit has exclusive jurisdiction over an appeal from such a case. 3D Systems, Inc. v. Aarotech Laboratories, Inc., 160 F.3d 1373, 1377 (8th Cir. 1998). Under the Federal Circuit test,

> [t]o determine whether jurisdiction over an out-of-state defendant comports with due process, [a court must] look to whether (1) the defendant purposefully directed its activities at residents of the forum state, (2) the claim arises out of or relates to the defendant's activities with the forum state, and (3) assertion of personal jurisdiction is reasonable and fair.

4

<u>Coyle</u>, 340 F.3d at 1350. "The first two factors correspond to the 'minimum contacts' prong of the <u>Internation Shoe</u> analysis," and plaintiff carries the burden of establishing such contacts. Upon this showing, the burden shifts to the defendant to prove that the exercise of jurisdiction is unreasonable. <u>Id.</u>

Here, plaintiff has failed to establish that ISI or PSG have sufficient minimum contacts with Missouri, such that the Court could exercise personal jurisdiction over ISI and PSG. ISI and PSG are Georgia corporations, with their principal places of business located in Atlanta, Georgia. ISI and PSG do not have any offices, facilities, or employees in Missouri. ISI and PSG sell prepaid debit card services that deliver cash rebates and cash incentive rewards to clients or sponsors who, in turn, approve, fund and distribute the cards to third-party participants. The ISI and PSG debit cards are sold through contracts negotiated in Georgia and ISI and PSG do not distribute their cards to the public at large. ISI and PSG's clients distribute the cards to third-parties but ISI and PSG do not have any control over such distribution of the cards.

In response to the motion to dismiss, plaintiff asserts without evidentiary support that some cards administered by ISI and PSG enter this Court's judicial district. On this bare and unsupported assertion, the Court cannot find that ISI and PSG purposefully directed their activities at Missouri residents. Even if one of the cards entered Missouri through the stream of commerce, the mere introduction of a product into the stream of commerce is

insufficient to establish personal jurisdiction.  <u>Asahi Metal Indus. Co., Ltd. v. Super. Ct. of California</u>, 480 U.S. 102 (1987).  There must be some additional act to satisfy the constitutional due process requirements, such as the use of an established distribution network with the expectation that the product would be purchased in the forum state.  <u>Id.</u>; *see also* <u>Viam Corp. v. Iowa Export-Import Trading Co.</u>, 84 F.3d 424, 427-28 (Fed. Cir. 1996) (finding that the introduction of a product into the stream of commerce through an established channel of distribution into the forum state was sufficient to personal jurisdiction).  Plaintiff has not alleged any additional act, other than the mere fortuitous entry of some cards into Missouri, that would establish personal jurisdiction over ISI and PSG.

Additionally, plaintiff cannot establish that its claim arises out of or is related to ISI and PSG's alleged contacts with Missouri.  Plaintiff has alleged that defendants are directly infringing on the '372 Patent under 35 U.S.C. §271.  Section 271(a) provides that whoever "makes, uses, offers to sell or sells any patented invention" without authority infringes the patent.  Here, the covered invention is a computer program.  ISI and PSG have made and use an allegedly infringing computer program, exclusively in Georgia.  Plaintiff has failed to allege or demonstrate that any ISI or PSG card has been used in Missouri.  Without the use of a ISI or PSG card in Missouri, which in turn would involve ISI's or PSG's use

of the allegedly infringing computer program, plaintiff cannot establish that either ISI or PSG has any contact with Missouri related to plaintiff's claims of infringement. Therefore, for all of the foregoing reasons, the combined motion to dismiss filed by ISI and PSG will be granted, and plaintiff's claims against these defendants will be dismissed without prejudice for lack of personal jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss [Doc. #46] filed by defendants Incentive Solutions, Inc. and Performance Systems Group, Inc. is granted.

**IT IS FURTHER ORDERED** that the motion for protective order staying discovery [Doc. #60] filed by defendants Incentive Solutions, Inc. and Performance Systems Group, Inc. is denied as moot.

**IT IS FURTHER ORDERED** that defendant TSYS Prepaid, Inc.'s motion to dismiss for lack of personal jurisdiction [Doc. #67] is denied without prejudice. Counsel for plaintiff and TSYS Prepaid, Inc. shall file, within thirty (30) days of the date of this order, a stipulation for dismissal, a motion for leave to voluntarily dismiss, or a proposed consent judgment. Failure timely to comply with this order may result in the dismissal plaintiff's claims against TSYS Prepaid, Inc. with prejudice.

Dated this 16th day of August, 2005.

/s/ Donald J. Stohr
UNITED STATES DISTRICT JUDGE